FULL NAME: STEWART MANAGO
COMMITTED NAME (if different): WEST VALLEY DETENTION CENTER (WVDC)
FULL ADDRESS INCLUDING NAME OF INSTITUTION: 9500 ETIWANDA AVE, RANCHO CUCAMONGA CA 91739
IN-PRO-PER
PRISON NUMBER (if applicable): 1712390145



FILED
CLERK, U.S. DISTRICT COURT
JAN 29 2021
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

STEWART MANAGO,
PLAINTIFF,

v.

B. FAYLOR, ET. AL.
DEFENDANT(S).

CASE NUMBER: 5:21 cv 179 - MCS - KES
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes ☐ No

2. If your answer to "1." is yes, how many? _Several_

    Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

    PLAINTIFF ALLEGES THAT, HE FALL UNDER THE STRIKES PROVISION, AND, PLAINTIFF NOW QUALIFY TO PROCEED IFP UNDER SECTION 1915(G)'S "IMMINENT DANGER EXCEPTION," DUE TO JAIL OFFICIALS, ONGOING FAILURE TO TREAT PLAINTIFF'S INJURIES FROM A "BUS CRASH" ON OCTOBER 21, 2020, WHICH RESULTED IN A BROKEN LEFT FOOT; LOWER BACK INJURY; AND LEFT ARM INJURY; AS REVEALED ON JANUARY 24, 2021

a. Parties to this previous lawsuit:
   Plaintiff STEWART MANAGO

   Defendants BRAD WILLIAMS

b. Court EASTERN DISTRICT, IN SACRAMENTO

c. Docket or case number 2:07-CV-2290-TLN-KJN-A

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) OUT-OF-COURT SETTLEMENT

f. Issues raised: _____

g. Approximate date of filing lawsuit: NOVEMBER 2007

h. Approximate date of disposition JUNE 2016

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes  ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes  ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☑ Yes  ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff STEWART MANAGO
                                                        (print plaintiff's name)
who presently resides at 9500 ETIWANDA AVE, RANCHO CUCAMONGA CA 91739,
                         (mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
WEST VALLEY DETENTION CENTER (WVDC)
(institution/city where violation occurred)

CV-66 (7/97)                          **CIVIL RIGHTS COMPLAINT**                          Page 2 of 6

2.

on (date or dates) OCTOBER 21, 2020 , _____ , _____ .
                   (Claim I)                (Claim II)         (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant  B. FAYLOR  resides or works at
   (full name of first defendant)
   9500 ETIWANDA AVE, RANCHO CUCAMONGA CA 91739
   (full address of first defendant)
   TRANSPORTATION SERGEANT,
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law: TRANSPORTATION SERGEANT AT WVDC. HE IS RESPONSIBLE FOR THE SAFETY OF ALL INMATES, DURING THEIR TRANSFER TO COURT OR MEDICAL.

2. Defendant  BRAD BONNET,  resides or works at
   (full name of first defendant)
   655 EAST THIRD STREET, SAN BERNARDINO CA 92415-0061
   (full address of first defendant)
   SERGEANT - INTERNAL AFFAIRS
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law: HE IS RESPONSIBLE FOR CONDUCTING COMPLAINTS AGAINST SHERIFF'S DEPARTMENT EMPLOYEE

3. Defendant  HUBBARD  resides or works at
   (full name of first defendant)
   9500 ETIWANDA AVE, RANCHO CUCAMONGA CA 91739
   (full address of first defendant)
   TRANSPORTATION DEPUTY AT WVDC
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law: HE IS RESPONSIBLE FOR THE SAFETY OF ALL INMATES, DURING TRANSPORTATION

4. Defendant **RILEY** resides or works at
   (full name of first defendant)
   **9500 ETIWANDA AVE, RANCHO CUCAMONGA 91739**
   (full address of first defendant)
   **DEPUTY IN HOUSING UNIT-14**
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

   Explain how this defendant was acting under color of law: **HE IS RESPONSIBLE FOR THE SAFETY OF ALL INMATES IN UNIT-14**

5. Defendants: **DOES (1) THROUGH (10) MEDICAL STAFF** resides or works at
   (full name of first defendant)
   **9500 ETIWANDA AVE, RANCHO CUCAMONGA CA 91739**
   (full address of first defendant)
   **MEDICAL PERSONNEL AT WVDC**
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

   Explain how this defendant was acting under color of law: **EACH DEFENDANT IS A MEDICAL PERSONNEL AT WVDC. THE NAMES OF THESE MEDICAL STAFF AND DEPUTIES ARE CURRENTLY UNKNOWN AT THIS TIME, PENDING THE CIVIL DISCOVERY PROCESS**

---

CV-66 (7/97)                    **CIVIL RIGHTS COMPLAINT**                    Page 4 of 6

4.

## D. CLAIMS*

### CLAIM I

The following civil right has been violated:

Plaintiff's claim deliberate indifference to medical need, from October 21, 2020 to present against defendants at WVDC, under (1) pretrial detainee established violation of right to personal security under due process clause of Fourteenth Amendment by demonstrating either that jail officials acted with deliberate indifference, or (2) that their conduct was so reckless as to be tantamount to desire to inflict harm. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed. 2d 251 (1976); also Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986).

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. On October 21, 2020 at approximately 6:00 p.m., a San Bernardino County Sheriff Deputy - Defendant Husband; and unknown deputy, came to the Superior Court, in Victorville California, on a Sheriff's Department-Bus, to "pick up" plaintiff and other inmates, to be transported back to West Valley Detention Center (WVDC), in Rancho Cucamonga.

2. Plaintiff alleges that, defendant was secured in handcuffs, with a black box; and leg irons, then a deputy escorted plaintiff, to the bus, and placed plaintiff into holding cell no. 2, without incident.

3. There were no seat belt, in holding cell no. 2, to properly secure plaintiff, or to protect plaintiff, during a "bus crash."

4. While on the I-15 freeway, the bus was involved in

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

A VEHICLE ACCIDENT WITH ANOTHER VEHICLE.

5. PLAINTIFF ALLEGES THAT, ON OCTOBER 21, 2020, AFTER DEPUTY HUBBARD'S COLLISION WITH ANOTHER VEHICLE, DEFENDANT HUBBARD EXITED THE FREEWAY, TO A UNKNOWN LOCATION, FOR ABOUT A HOUR.

6. DEFENDANT HUBBARD, OR DEFENDANT TAYLOR, DID NOT CALL MEDICAL PERSONNEL TO THE SCENE, AFTER PLAINTIFF ADVISED DEFENDANT HUBBARD OF PLAINTIFF'S INJURIES, ON OCTOBER 21, 2020, ON SCENE, TO TIMELY TREAT PLAINTIFF AND OTHER INMATES.

7. PLAINTIFF ALLEGES THAT, ON OCTOBER 21, 2020, DEFENDANTS HUBBARD AND TAYLOR, DID NOT HAVE PLAINTIFF TRANSPORTED TO THE ARROWHEAD REGIONAL MEDICAL CENTER FOR PROPER MEDICAL EXAMINATIONS, FOR HIS LOWER BACK; LEFT ARM; AND LEFT LEG INJURIES ON SCENE.

8. PLAINTIFF ALLEGES THAT, ON OCTOBER 21, 2020, DEFENDANT HUBBARD, MOVED PLAINTIFF FROM THE SCENE OF THE ACCIDENT TO ANOTHER LOCATION, POTENTIALLY CAUSING OTHER INJURIES; AND DISRUPTING THE ACCIDENT SCENE.

9. AT ALL TIMES RELEVANT MENTIONED, DEFENDANTS HUBBARD, AND TAYLOR, KNEW THAT PLAINTIFF WAS SECURED IN (1) A BLACK BOX; (2) NANOCUFF'S; AND (3) LEG IRONS, IN THE BUS HOLDING CELL NO. 2, AND PLAINTIFF WAS NOT ABLE TO PROTECT HIMSELF.

10. PLAINTIFF ALLEGES THAT, ON OCTOBER 21, 2020, PLAINTIFF HAD SOME FORM OF NERVE AND TISSUE

6.

DAMAGE TO HIS LEFT FOOT, LEFT ARM AND LOWER

11. PLAINTIFF ALLEGES THAT, ON OCTOBER 21, 2020, DEFENDANTS HUBBARD, AND FAYLOR, TRANSFERRED PLAINTIFF AND, OTHER INMATES, BACK TO WEST VALLEY DETENTION CENTER (WVDC).

12. THEN DEFENDANTS, HAD WVDC MEDICAL STAFF, TO SPEAK WITH PLAINTIFF, AND ORDERED THAT PLAINTIFF TO BE TRANSPORTED TO "ARROWHEAD REGIONAL MEDICAL CENTER", FOR A MEDICAL EXAMINATION ON OCTOBER 21, 2020.

13. PLAINTIFF ALLEGES THAT, ON OCTOBER 21, 2020 AT 8:00 P.M. UPON PLAINTIFF'S ARRIVAL TO ARROWHEAD REGIONAL MEDICAL CENTER (ARMC), THE MEDICAL STAFF WERE DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS, BY THEIR FAILURE TO CONDUCT A PROPER FULL MEDICAL EXAMINATION OF PLAINTIFF'S COMPLAINTS AND INJURIES.

14. PLAINTIFF ALLEGES THAT, ON OCTOBER 21, 2020, THE ARROWHEAD MEDICAL STAFF, FAILED TO ORDER X-RAYS, OR A MRI OF PLAINTIFF'S ALLEGED INJURIES. (SEE: V00012168700-M0608514918).

15. PLAINTIFF ALLEGES THAT, ON OCTOBER 21, 2020, DEPUTIES, TRANSFERRED PLAINTIFF BACK TO WVDC, WITHOUT PROPER TREATMENT, SUCH AS (1) X-RAYS; OR (2) MRI, AS INDICATED IN PLAINTIFF'S MEDICAL RECORDS.

16. PLAINTIFF ALLEGES THAT, ON OCTOBER 21, 2020 AT 10:06 P.M. WHEN PLAINTIFF ARRIVED BACK AT WVDC, PLAINTIFF FILED THE FOLLOWING GRIEVANCE NO. G342010-00465559:

7.

"I WAS INJURED DOING THE TRANSPORTATION FROM VICTORVILLE SUPERIOR COURT, BACK TO AVDC, AND I WENT TO HOSPITAL AND THEY FAILED TO PROPERLY TREATMENT, AND TAKE X-RAYS OF LEFT LEG AND BACK. I WANT THIS INVESTIGATED."

17. PLAINTIFF ALLEGES THAT, ON OCTOBER 21, 2020, THE DOCTOR, SAID THAT PLAINTIFF WILL NEED AN MRI.

18. PLAINTIFF ALLEGES THAT, ON OCTOBER 23, 2020, PLAINTIFF WAS TRANSFERRED TO BACK TO ARROWHEAD REGIONAL MEDICAL CENTER, AND THE DOCTOR ORDERED (1) X-RAYS, AND (2) BLOOD WORK.

19. PLAINTIFF ALLEGES THAT, ON OCTOBER 30, 2020, PLAINTIFF ADVISED DEFENDANTS THAT, ON OCTOBER 21, 2020 THAT, THERE WERE NO X-RAYS, TAKING OF PLAINTIFF'S INJURIES AND PLAINTIFF HAD TO GO BACK TO HOSPITAL, AND THEY TOOK X-RAYS, AND PLAINTIFF BLEED FOR THE FIRST TIME FOR PLAINTIFF'S BACK, AND TO CHECK FOR OTHER PROBLEMS. SO AT THIS TIME, DOCTOR SAID THAT, PLAINTIFF NEEDED A MRI, AND MEDICAL HAVE NOT RESPONDED YET.

20. PLAINTIFF ALLEGES THAT, ON NOVEMBER 3, 2020, PLAINTIFF ADVISED DEFENDANTS THAT:

"I AM IN PAIN, AND THE DOCTOR, STILL HAVE NOT SEND PLAINTIFF FOR HIS MRI, AND THIS APPEARS TO A COVER UP."

21. PLAINTIFF ALLEGES THAT, ON NOVEMBER 18, 2020, PLAINTIFF FILED ANOTHER GRIEVANCE NO. G342011-004763), WHICH STATES:

8.

"I WAS INVOLVED IN A BUS ACCIDENT ON OCTOBER 20, 2020, MY BACK AND LEG ARE HURTING REAL BAD."

22. PLAINTIFF ALLEGES THAT, ON NOVEMBER 28, 2020, PLAINTIFF PREPARED A LETTER ADDRESSED TO DONALD SPECTOR, ATTORNEY AT THE PRISON LAW OFFICE, ADVISING HIM, ABOUT THE FOLLOWING INCIDENTS:

- THE BUS CRASH DATED: OCTOBER 21, 2020;
- STAFF MISCONDUCT OF STAFF ORCHESTRATING INMATE-ON-INMATE ATTACKS, FROM DECEMBER 2018 TO PRESENT; AND
- OCALTIES USE OF FORCE INCIDENT, DATED: 11-10-20; AND 11-11-20 AT WVOE

23. PLAINTIFF ALLEGES THAT, ON DECEMBER 16, 2020, PLAINTIFF FILED ANOTHER GRIEVANCE NO. G342012-0048685, WHICH STATES AS FOLLOWS:

"I WAS INVOLVED IN A BUS ACCIDENT AND I BELIEVE MY FOOT WAS BROKEN AND IT HEALED WRONG I NEED TREATMENT"

24. PLAINTIFF ALLEGES THAT, ON DECEMBER 16, 2020, ATTORNEY SOPHIE HART, PREPARED A LETTER TO PLAINTIFF, IN RESPONSE TO PLAINTIFF'S LETTER ADDRESSED ATTORNEY DONALD SPECTOR, DATED: NOVEMBER 28, 2020.

25. PLAINTIFF ALLEGES THAT, ON JANUARY 7, 2021, PLAINTIFF ADVISED, DEFENDANT THAT:

"I'M IN SERIOUS PAIN, AND LOWER BACK IS HURTING, MY LEFT LEG, AND LEFT ARM, AS A DIRECT

9.

RESULT OF THE INCIDENT, MY PAIN LEVEL IS AT 10, I NEED TREATMENT."

26. PLAINTIFF ALLEGES THAT, ON JANUARY 11, 2021, PLAINTIFF ADVISED DEFENDANTS:

"I AM IN PAIN ON MY LEFT SIDE, AND I HAVE NOT RECEIVED MY MRI, YET."

27. PLAINTIFF ALLEGES THAT, ON JANUARY 13, 2020, PLAINTIFF WAS TAKEN TO ARMC, FOR AN MRI.

28. PLAINTIFF ALLEGES THAT, ON JANUARY 13, 2021, DEFENDANT TAYLOR, CONDUCTED AN INTERVIEW WITH PLAINTIFF ABOUT THE CITIZEN COMPLAINT, NO. 2084612006, PLAINTIFF MAILED TO DEFENDANT BONNET, INTERNAL AFFAIRS DIVISION, CONCERNING THAT, BUS INCIDENT ON OCTOBER 21, 2020, AND DEFENDANT TAYLOR, THREATEN TO WRITE A JAIL DISCIPLINE, AGAINST PLAINTIFF FOR ABUSE OF THE GRIEVANCE SYSTEM, AND PLACE PLAINTIFF ON DISCIPLINE FOR 10 DAYS, AND MAXIMUM LOSS OF GOOD AND WORK TIME CREDITS IS 20 DAYS, AS A FEAR OF RETALIATION FOR REPORTING PLAINTIFF'S INJURIES.

29. PLAINTIFF ALLEGES THAT, ON JANUARY 13, 2021, DEFENDANT TAYLOR, AS FOLLOWS:

"YOU NEED TO STOP YOUR ATTEMPT TO FOSTER A CODE OF SILENCE, IT WILL NOT WORK, BECAUSE OTHER OFFICIALS, WILL NOT PLAY YOUR GAME, PLEASE FOR FEDERAL COURT.

30. PLAINTIFF ALLEGES THAT, AT ALL TIMES MENTIONED DEFENDANT BONNET, AND DEFENDANT TAYLOR, FAILED TO

10.

TIMELY ENSURE THAT, PLAINTIFF HAD RECEIVED TIMELY MEDICAL TREATMENT FOR HIS INJURIES, FOR THE INJURIES.

31. PLAINTIFF ALLEGES THAT, ON JANUARY 13, 2021, DEFENDANT TAYLOR, AND DEFENDANT BONNET, INQUIRY DOES NOTHING TO INVESTIGATE THE INMATE ALLEGATIONS ON OCTOBER 21, 2020, FOR EXAMPLE: DEFENDANT TAYLOR AND DEFENDANT BONNET, DOES NOT INTERVIEW NURSE OR, DOCTORS, PRIOR TO THEIR ISSUING THEIR RULING ON JANUARY 13, 2021,

32. PLAINTIFF MAINTAINS THAT, SAID GRIEVANCES, INQUIRY ARE INACCURATE AND NOT CONSISTENT WITH EFFECTIVE MISCONDUCT INVESTIGATIVE STANDARDS, BASED ON THE BELOW INFORMATION.

33. PLAINTIFF ALLEGES THAT, DEFENDANT RILEY, FAILED TO ENSURE THAT PLAINTIFF, RECEIVED PROPER MEDICAL TREATMENT, AFTER PLAINTIFF HAD ADVISED RILEY THAT, PLAINTIFF LEFT FOOT WAS BROKEN; AND LOWER BACK WERE HURTING REAL BACK, FROM NOVEMBER 14, 2020 TO PRESENT

34. PLAINTIFF ALLEGES THAT, ON JANUARY 24, 2021 DEFENDANTS, ADVISED PLAINTIFF THAT, (1) ON JANUARY 1, 2021, THE X-RAY REVEALED THAT PLAINTIFF'S LEFT FOOT WAS BROKEN, BUT IT IS HEALED; AND (2) THE MRI REVEALED A INJURY, ON JANUARY 13, 2021.

35. PLAINTIFF ALLEGES THAT, ON JANUARY 25, 2021, DEFENDANTS, HAS NOT HAD A MEDICAL DOCTOR, TO CAUSE SEE, PLAINTIFF, AND PLAINTIFF'S PAIN LEVEL REMAIN AT 10.

11.

36. Plaintiff alleges that, on October 21, 2020 to present, Plaintiff claim that, his medical treatment was inadequate; also that the medical health care providers, are deliberately indifferent to medical conditions.

37. Plaintiff alleges that, on October 21, 2020, to present, Defendants: Taylor, Bonnet, and Riley, failed to protect Plaintiff, after Plaintiff advised each of them that, Plaintiff was seriously injured.

38. Plaintiff alleges that, Plaintiff is seeking a total of five millions for physically and mentally damages.

39. Plaintiff alleges that, on October 21, 2020 to present, Defendants, had no intentions to medically repair Plaintiff lower back injury, leg injury and nerve and tissue damage.

40. Plaintiff alleges that, his left leg, left foot, and lower back, remains completely numb and immobile in some area Plaintiff left side.

41. Plaintiff believe that, he may have nerve damage in both left arm, and left foot area, including Plaintiff's lower back and Plaintiff may have permanent injuries, if medical staff continue to conceal what really happen on October 21, 2020.

42. Plaintiff alleges that, from October 21, 2020, to present, Plaintiff left leg is swollen, and now bigger than the right leg.

12.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

PLAINTIFF STEWART MAWAGO, RESPECTFULLY REQUEST THAT THE COURT GRANT THE FOLLOWING RELIEF:

A. SET THIS MATTER FOR A JURY TRIAL;

B. GENERAL AND SPECIAL DAMAGES ACCORDING TO PROOF AT TRIAL;

C. MEDICAL AND RELATED EXPENSES ACCORDING TO PROOF AT TRIAL; AND

D. A PROTECTIVE ORDER THAT, PLAINTIFF'S MEDICAL INJURIES, TO BE TREATED WITHOUT ANY FURTHER DELAYS;

E. FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER.

1-25-2021
(Date)

X _____
(Signature of Plaintiff)

# San Bernardino County Sheriff's Department
## Grievance

| | | | |
|---|---|---|---|
| **Grievance ID:** | G342010-0046559 | **Booking #:** 1712370145 | **Date:** 10/21/2020 22:06 |
| **Name:** | MANAGO, STEWART | | **Location:** 34 / 14AS |
| **Category:** | HEALTH / Medical | | **Incident Date:** 10/21/2020 22:02 |
| **Location:** | UNIT AS | | |

**Grievance:** I WAS INJURED DOING THE TRANSPORTATION FROM VICTORVILLE SUPERIOR COURT, BACK TO WVDC, AND I WENT TO HOSPITAL AND THEY FAILED TO PROPERLY TREATMENT, AND TAKE X-RAYS OF LEFT LEG AND BACK. I WANT THIS INVESTIGATED.

---

**Investigated Date:** 10/30/2020  **Completed Date:** 10/30/2020 14:05

**Duplicate:** NO  **Duplicate ID:**

**Disposition:** UNFOUNDED

**Findings:** YOUR MEDICAL RECORD, AND OTHER DOCUMENTS INDICATE THAT YOUR CONCERNS HAVE BEEN APPROPRIATELY ADDRESSED BY OUR MEDICAL STAFF.

**Actions:** YOU WILL CONTINUE TO BE MONITORED BY OUR HEALTH SERVICES STAFF

**Accepted:** NO   **Date:** 10/30/2020 18:31   **Allow Appeal:** Y

**Reason:** NO X-RAYS, WERE TAKING OF MY INJURIES, ON THIS DATE, AND I HAD TO GO BACK TO HOSPTAI, AND THEY TOOK X-RAYS, AND MY BLOOD FOR THE FIRST FOR MY BACK, AND TO CHECK FOR OTHER PROBLEMS, SO AT THIS TIME DOCTOR SAID THAT, I NEEDED A MRI. AND MEDICAL HAVE NOT RESPONDED YET.

---

**Investigated Date:** 11/03/2020  **Completed Date:** 11/03/2020 13:23

**Duplicate:** NO  **Duplicate ID:**

**Disposition:** UNFOUNDED

**Findings:** THIS APPEAL OFFERS NO NEW INFORMATION TO WARRANT ANOTHER INVESTIGATION. THE ORIGINAL FINDINGS ARE APPROPRIATE.

**Actions:** YOU WILL CONTINUE TO BE MONITORED BY OUR HEALTH SERVICES STAFF.

**Accepted:** NO   **Date:** 11/03/2020 18:43   **Allow Appeal:** Y

**Reason:** I AM IN PAIN, AND THE DOCTOR, STILL HAVE NOT SEND ME FOR MY MRI, AND THIS APPEARS TO A COVER UP.

| | | | | |
|---|---|---|---|---|
| **Investigated Date:** | 11/03/2020 | | **Completed Date:** | 11/03/2020 20:20 |
| **Duplicate:** | NO | | **Duplicate ID:** | |
| **Disposition:** | REJECT | | | |
| **Findings:** | THIS APPEAL DOES NOT OFFER ANY ADDITIONAL INFORMATION. THE ORIGINAL FINDING STANDS. | | | |
| **Actions:** | ADMIN REVIEW | | | |
| **Accepted:** | NO | **Date:** | **Allow Appeal:** | N |
| **Reason:** | | | | |

| Short Title: MANAGO V. FAYLON | Court Case No: |
|---|---|

# Proof of Service By Mail

I am over the age of 18 and a party / not a party (mark one out) to the cause.

I am a resident of or employed in the county where the mailing occurred. My residence or business address is (specify): STEWART MANAGO, 1712876145 WVOC 9500 ETIWANDA AVE RANCHO CUCAMONGA CA 91735

I served the attached: CIVIL RIGHTS COMPLAINT, WITH REQUEST TO AND CCSO WITHOUT PRE PAYMENT OF FILING FEES

By enclosing true copies in a sealed envelope addressed to each person whose name and address is given below and depositing the envelopes in the United States mail with the postage fully prepaid.

1) Date of deposit: 1-25-21     2) Place of deposit (city and state): RANCHO CUCAMONGA

NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
255 EAST TEMPLE STREET ROOM-180
LOS ANGELES, CALIFORNIA 90012

I certify under penalty of perjury that the foregoing is true and correct.

Date: 1-25-21

▶ STEWART MANAGO     ▶ [signature]

(TYPE OR PRINT NAME)     (SIGNATURE OF DECLARANT)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
255 EAST TEMPLE STREET, ROOM 180
LOS ANGELES, CALIFORNIA 90012



RECEIVED
CLERK, U.S. DISTRICT COURT
JAN 29 2021
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

